IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIAM MCRAND**                                                                                  **PETITIONER**

**v.**                                                   **CIVIL ACTION NO. 3:24-cv-533-KHJ-MTP**

**WARDEN WINGFIELD**                                                           **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on William McRand's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice for McRand's failure to exhaust administrative remedies prior to filing the Petition.

## BACKGROUND

On February 18, 2014—following his conviction in the United States District Court for the Southern District of Alabama for possessing a firearm as a felon, conspiracy to manufacture methamphetamine, and conspiracy to commit money laundering—McRand was sentenced to 292 months of incarceration. *See* [1-1]. On September 9, 2024, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), McRand filed the instant Petition [1] under 28 U.S.C. § 2241, arguing that he has earned 1310 days of First Step Act time credit,[1] which the Bureau of Prisons ("BOP") has failed to properly apply to his sentence. McRand argues that the time credits entitle him to a transfer to prerelease home confinement. *See* [1] at 1.

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

1

On July 10, 2025, Respondent filed a Response [17] to the Petition arguing, *inter alia*, that the Petition should be dismissed because McRand failed to exhaust his administrative remedies prior to filing this action.  McRand filed no reply.[2]

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).  There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)).  A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints.  Initially, an inmate must attempt to informally resolve the complaint with staff.  Thereafter, the inmate must submit a request for administrative remedies to

---

[2] The docket reflect the McRand has not filed anything of record since October 8, 2024.  The docket further reflects that McRand's mail has returned as undeliverable since June 30, 2025. See Docket Entries [14] [19] [20].

2

the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* C.F.R. §§ 542.13-542.15; *see also* Declaration of Amy Landers [17-1] at 2.

Although he did not file a reply to the Response [17], McRand states in his Petition that he attempted to comply with the administrative remedies process. *See* [1] at 16. Along with his Petition, McRand submitted to the Court an "Attempt at Informal Resolution" which he completed on March 2, 2024. *See* [1-8] at 4. A prison official responded to the informal request on March 29, 2024, and determined that McRand was not entitled to relief. *Id*. at 3.

McRand also submitted to the Court a copy of a formal request for administrative remedies, which is dated April 9, 2024—but unsigned. *Id*. at 1-2. The formal request does not include a response from prison officials, and McRand asserts that prison officials refused to respond to his formal request. [1] at 16. Respondent refutes this and provides a declaration from Amy Landers, a paralegal at FCC Yazoo City, stating that McRand did not file a formal request concerning his earned time credits. *See* [17-1] at 3. According to Landers, McRand's lone formal request concerned staff misconduct, not time credits. *Id*.

Regardless, even if McRand filed a formal request and did not receive a timely response, such would not have prevented him from fully exhausting his administrative remedies. "[T]he regulations of the [BOP] provide authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals." *Flores v. Lappin*, 580 Fed. App'x 248, 250 (5th Cir. 2014). Pursuant to 28 C.F.R. § 542.18, if an inmate does not receive a response, he may consider the absence of a response to be a denial at that level. *See Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011).

3

McRand acknowledges that BOP policy allows an inmate to proceed to the next step of the administrative remedies process when he does not receive a response. *See* [1] at 16. But, he argues that proceeding to the next step should not be required because the process is "futile" and "doomed to fail before it starts." *Id*. at 16, 19. Specifically, he asserts that, without a response at the prior level, his appeal would be rejected unless he included a copy of the "Administrative Remedy Index," and the staff at FCC Yazoo City does not know of the "Administrative Remedy Index." *Id*.

However, McRand does not assert, nor does the record show, that he attempted to appeal to the Regional Director, and "the fact that petitioner merely believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion." *Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018). Thus, McRand has failed to meet the burden of demonstrating the futility of the administrative remedies process. *See Fuller*, 11 F.3d at 62.

McRand also appears to argue that the exhaustion requirement should be waived because he is currently entitled to be transferred to prerelease home confinement and exhaustion of administrative remedies would delay his transfer. *See* [1] at 16-17. The fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process. The Supreme Court has held that even inmates who may be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriquez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*. McRand's request for immediate transfer to home confinement does not demonstrate extraordinary circumstances justifying his failure to exhaust. *See Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. Sept.

4

17, 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Falcon v. Upton*, 2014 WL 712547, at *2 (N.D. Tex. Feb. 23, 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house); *Mitchell v. Young*, 2011 WL 3879513, at *2 (W.D. La. June 22, 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone.").

Because McRand cannot show extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petitioner should be dismissed without prejudice.

## CONCLUSION AND RECOMMENDATION

The record shows that McRand did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Thus, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party,

except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This 10th day of September, 2025.

s/ Michael T. Parker
United States Magistrate Judge
